| | |
|---|---|
| 1 | Leslie T. Gladstone (#144615) |
| | Christin A. Batt (#222584) |
| 2 | Sean C. Coughlin (#167900) |
| | FINANCIAL LAW GROUP |
| 3 | 401 Via Del Norte |
| | La Jolla, CA 92037 |
| 4 | Telephone (858) 369-5577 and (858) 454-9887 |
| | Facsimile (858) 369-5575 and (858) 454-9596 |
| 5 | Email: scc@Coughlin-Law.com |
| 6 | Attorneys for Leslie T. Gladstone, Chapter 7 Trustee |

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Case No. 07-05038-JM7 |
| DAVID M. GREEN, | Adv. No. 09-90400-JM |
| Debtor(s). | **FIRST AMENDED COMPLAINT FOR:** |
| | **1) AVOIDANCE OF FRAUDULENT CONVEYANCES;** |
| | **2) AVOIDANCE OF POST-PETITION TRANSFERS;** |
| | **3) TURNOVER PROPERTY OF THE BANKRUPTCY ESTATE;** |
| LESLIE T. GLADSTONE, CHAPTER 7 TRUSTEE, | **4) ACCOUNTING; AND** |
| Plaintiff, | **5) DECLARATORY RELIEF** |
| v. | [11 U.S.C. sections 542, 548, 549, and 550] |
| OMEGA LIFE FUND, LLC, a California limited liability company; SAM MANSOUR INSURANCE TRUST DATED MAY 12 2005; EILEEN GREEN, an individual; EILEEN GREEN INVESTMENT TRUST; MANSOUR AND SIVALELLI JT TRUST; BCAJ INVESTMENTS WEST, INC., a California corporation; U.S. BANCORP, a Delaware corporation; US BANK NATIONAL ASSOCIATION, banking subsidiary; and COVENTRY FIRST, LLC, a Delaware limited liability company. | |
| Defendants. | |

FIRST AMENDED COMPLAINT

Plaintiff, Leslie T. Gladstone, Chapter 7 Trustee, alleges as follows:

**PARTIES**

1. Plaintiff is the Trustee of the bankruptcy estate of David M. Green ("Debtor" or "Mr. Green"). On September 12, 2007 (the "Petition Date"), the Debtor filed for relief pursuant to the provisions of Chapter 7 of Title 11 of the United States Bankruptcy Code, Southern District of California. On or about the same day, Leslie T. Gladstone ("Trustee" or "Plaintiff") was appointed as Chapter 7 Trustee of Debtor's bankruptcy estate (the "Estate"). The Trustee is informed and believes that Mr. Green passed away February 22, 2008, in the State of Arizona. Plaintiff is informed and believes that a true and correct copy of Debtor's Death Certificate is attached hereto as Exhibit "A."

2. Based on information and belief, Defendant SAM MANSOUR INSURANCE TRUST DATED MAY 12, 2005 (the "MANSOUR TRUST") is a trust established pursuant to the laws of the State of California.

3. Based on information and belief, Defendant EILEEN GREEN ("MRS. GREEN") is an individual who resides in the County of San Diego, California. MRS. GREEN is the Debtor's spouse.

4. Based on information and belief, Defendant OMEGA LIFE FUND, LLC is a California limited liability company which at all times relevant in this Complaint was doing business in California ("OMEGA"). The Trustee is informed and believes that OMEGA's members include 1) MRS. GREEN, 2) Robert Hamzey ("MR. HAMZEY"), and 3) Sam Mansour ("MR. MANSOUR"). Based on information and belief, Defendant BCAJ INVESTMENTS WEST, INC. is a California corporation, which at all times relevant in this Complaint was doing business in California ("BCAJ").

5. Based on information and belief, Defendant EILEEN GREEN INVESTMENT TRUST (the "GREEN TRUST"), is a trust established pursuant to the laws of the State of California. Based on information and belief, MRS. GREEN is the current trustee of the GREEN TRUST.

///

1  6. Based on information and belief, Defendant MANSOUR AND SIVALELLI JT TRUST (the "SIVALELLI TRUST") is a trust established pursuant to the laws of the State of California.

7. Based on information and belief, Defendant U.S. Bancorp is a Delaware Corporation that maintains its principal place of business at Minneapolis, Minnesota.

8. Based on information and belief, Defendant U.S. Bank, National Association is a banking subsidiary of Defendant U.S. Bancorp and maintains its principal place of business at Cincinnati, Ohio. Defendants U.S. Bancorp and U.S. Bank, National Association shall be collectively referred to as "U.S. BANK."

9. Based on information and belief, Defendant COVENTRY FIRST, LLC ("COVENTRY") is a Delaware limited liability corporation.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction pursuant to 28 U.S.C. Section 1334; general order 312-D of the United States District Court, Southern District of California; and 28 U.S.C. Section 157(b)(2)(A), (E), (F), and (O). Venue is proper in this district according to 28 U.S.C. Section 1409 because the underlying bankruptcy case is pending in this district.

**GENERAL ALLEGATIONS**

11. Plaintiff alleges on information and belief that on about May 10, 2007, approximately four months before the Petition Date, Debtor was the owner of life insurance policy number xxxx3530, issued on or about February 15, 2001, by Transamerica Occidental Life Insurance Company, in the face amount of $2,000,000, on the life of Debtor ("Policy 3530"). Plaintiff is informed and believes that a true and correct copy of the "Policy Data" page for Policy 3530 is attached hereto as Exhibit "B."

12. Plaintiff alleges on information and belief that on or about May 10, 2007, approximately four months before the Petition Date, Debtor transferred ownership of Policy 3530 to MRS. GREEN. Plaintiff is informed and believes that a true and correct copy of an "Assignment to Transfer Ownership for Life Insurance Policies" for Policy 3530 is attached hereto as Exhibit "C."

/ / /

- 3 -                                    FIRST AMENDED COMPLAINT

13.   Plaintiff alleges on information and belief that Debtor and MRS. GREEN agreed to the transfer of Policy 3530 to MRS. GREEN in an attempt conceal Debtor's ownership of said policy from creditors and as an asset of the Estate in Debtor's impeding bankruptcy proceeding.

14.   Plaintiff alleges on information and belief that on or about August 9, 2007, approximately four weeks before the Petition Date, MRS. GREEN transferred ownership of Policy 3530 to US BANK.  Plaintiff is informed and believes that a true and correct copy of an "Assignment to Transfer Ownership for Life Insurance Policies" for Policy 3530 is attached hereto as Exhibit "D."  Plaintiff is informed and believes that the Debtor, MRS. GREEN, or both of them, received $193,000.00 in proceeds for the sale of this policy.

15.   Plaintiff alleges on information and belief that Debtor, MRS. GREEN, or both of them, transferred Policy 3530 with MRS. GREEN as the initial transferee, in order to conceal its existence and to hide the funds from the sale of Policy 3530 from creditors and as an asset of the Estate in Debtor's impeding bankruptcy proceeding.

16.   Plaintiff alleges on information and belief that the death benefit of Policy 3530, in an amount of $2,000,000, had been paid to US Bank.  Plaintiff is informed and believes that a true and correct copy of an October 14, 2010, letter from Transamerica Life Insurance Company to the State of California Department of Insurance is attached hereto as Exhibit "E."

17.   Plaintiff alleges on information and belief that on about May 10, 2007, approximately four months before the Petition Date, Debtor was the owner of life insurance policy number xxxx4528, issued on or about March 23, 2004, by Transamerica Occidental Life Insurance Company, in the face amount of $4,000,000 on the life of Debtor. ("Policy 4528").  Plaintiff is informed and believes that a true and correct copy of the "Policy Data" page for Policy 4528 is attached hereto as Exhibit "F."

18.   Plaintiff alleges on information and belief that on or about May 10, 2007, approximately four months before the Petition Date, Debtor transferred ownership of Policy 4528 to MRS. GREEN.  Plaintiff is informed and believes that a true and correct copy of an "Assignment to Transfer Ownership for Life Insurance Policies" for Policy 4528 is attached hereto as Exhibit "G."

19. Plaintiff alleges on information and belief that Debtor and MRS. GREEN agreed to the transfer of Policy 4528 to MRS. GREEN in an attempt conceal Debtor's ownership of said policy from creditors and as an asset of the Estate in Debtor's impending bankruptcy proceeding.

20. Plaintiff alleges on information and belief that on or about August 9, 2007, approximately four weeks before the Petition Date, MRS. GREEN transferred ownership of Policy 4528 to US BANK. Plaintiff is informed and believes that a true and correct copy of an "Assignment to Transfer Ownership for Life Insurance Policies" for Policy 4528 is attached hereto as Exhibit "H." Plaintiff is informed and believes that Debtor, MRS. GREEN, or both of them, received consideration in exchange for transfer of this policy. Specifically, Plaintiff is informed and believes that Debtor, MRS. GREEN, or both of them, received $193,000.00 total in consideration for the transfers of Policy 3530 and Policy 4528. Such Policies had a total combined death benefit of $6,000,000, and were transferred a few months prior to the Petition Date and approximately six months before Debtor's date of date.

21. Plaintiff alleges on information and belief that Debtor, MRS. GREEN, or both of them, completed the transfer and sale of the policy with MRS. GREEN as the owner, in order to conceal its existence and hide the funds from the sale of said policy 4528 from creditors and as an asset of the Estate in Debtor's impeding bankruptcy proceeding.

22. Plaintiff alleges on information and belief that, the death benefit of Policy 4528, in an amount of $4,000,000, had been paid to US Bank. Plaintiff is informed and believes that a true and correct copy of the October 14, 2010, letter from Transamerica Life Insurance Company to the State of California Department of Insurance, is attached hereto as Exhibit "E."

23. Plaintiff alleges on information and belief that on or about May 7, 2007, approximately four months before the Petition Date, Debtor was the owner of life insurance policy number xxxx2225, issued on or about April 13, 2004, by Protective Life Insurance Company, in the face amount of $3,000,000 on the life of Debtor ("Policy 2225"). Plaintiff is informed and believes that Policy 2225 was owned by Debtor, insured Debtor's life, and that MRS. GREEN was the beneficiary. Plaintiff is informed and believes that a true and correct copy of the May 7, 2007 correspondence from Protective Life Insurance Company to Debtor is attached hereto as Exhibit "I."

24. Plaintiff alleges on information and belief that COVENTRY sent an August 3, 2007, correspondence to Life Insurance Settlements, Inc. whom the Trustee is informed and believes was acting as an agent for COVENTRY, US BANK, Debtor, MRS. GREEN, and each of them, offering $395,000 with a reimbursement of premium in the amount of $38,761.86 for the purchase of Policy 2225 from Debtor and/or MRS. GREEN. Plaintiff is informed and believes that a true and correct copy of the August 3, 2007 offer from COVENTRY is attached hereto as Exhibit "J."

25. Plaintiff alleges on information and belief that on or about September 6, 2007, six days before the Petition Date, Debtor, MRS. GREEN, or both of them, agreed to sell Policy 2225 to COVENTRY, as the parties signed a "Life Insurance Policy Purchase Agreement." Plaintiff is informed and believes that a true and correct copy of the September 6, 2007, Life Insurance Policy Purchase Agreement is attached hereto as Exhibit "K." Plaintiff is informed and believes that Debtor, MRS. GREEN, or both of them, received a total of approximately $314,776.00 in exchange for transfer of this policy.

26. Plaintiff alleges on information and belief that Debtor, MRS. GREEN, or both of them, transferred Policy 2225 so that said policy and the funds from the sale of Policy 2225 would be concealed from Debtor's creditors and as an asset of the Estate in Debtor's bankruptcy proceeding.

27. Plaintiff alleges on information and belief that on the Petition Date, the Debtor was the owner of life insurance policy number xxxx4057, issued on or about February 21, 2001, by Transamerica Occidental Life Insurance Company, in the face amount of $2,000,000, on the life of MRS. GREEN ("Policy 4057"). Plaintiff is informed and believes that a true and correct copy of the "Policy Data" page is attached hereto as Exhibit "L."

28. Plaintiff alleges on information and belief that, on or about November 5, 2007, approximately a month and a half after the Petition Date, Debtor transferred ownership of Policy 4057 to MRS. GREEN. Plaintiff is informed and believes that a true and correct copy of an "Assignment to Transfer Ownership for Life Insurance Policies" for Policy 4057 is attached hereto as Exhibit "M."

///

29. Plaintiff alleges on information and belief that Debtor and MRS. GREEN agreed to the post-petition transfer of Policy 4057 to MRS. GREEN in an attempt conceal Debtor's ownership of said policy from Debtor's creditors and as an asset of the Estate in Debtor's bankruptcy proceeding.

30. Plaintiff is informed and believes that by an amendment dated February 11, 2008, and for the nominal payment of $10.00 by MRS. GREEN, Sam Mansour sold all rights and interest in the MANSOUR TRUST to MRS. GREEN.

31. Plaintiff alleges on information and belief that, on or about September 25, 2008, approximately one year following the Petition Date, MRS. GREEN transferred Policy 4057 to the MANSOUR TRUST. Plaintiff is informed and believes that this transaction was facilitated by MR. HAMZEY acting as the agent, broker, representative for one or all of the parties in an individual or representative capacity. Plaintiff is informed and believes that a true and correct copy of an "Assignment to Transfer Ownership for Life Insurance Policies" is attached hereto as Exhibit "N."

32. Plaintiff is informed and believes that after the consummation of the sale of Policy 4057, the MANSOUR TRUST became the beneficiary of Policy 4057. Plaintiff is informed and believes that MR. HAMZEY and MRS. GREEN are the trustees of the MANSOUR TRUST.

33. Plaintiff alleges on information and belief that little or no consideration was paid for the transfer of Policy 4057.

34. Plaintiff alleges on information and belief that on the Petition Date, the Debtor was the owner of life insurance policy number xxxx7744, issued on or about March 15, 1999, by Valley Forge Life Insurance Company, in the face amount of $2,000,000, on the life of Debtor ("Policy 7744"). Plaintiff is informed and believes that a true and correct copy of the March 5, 1999, Valley Forge Life Insurance Company "Life Insurance Policy Illustration" is attached hereto as Exhibit "O."

35. Plaintiff alleges on information and belief that in February of 2008, immediately prior to Debtor's passing, Debtor and/or MRS. GREEN, or both of them, entered into an agreement with the SAM MANSOUR TRUST and/or the SIVALELLI TRUST and/or OMEGA, or all three of them, to transfer Policy 7744. Plaintiff is informed and believes that the agreement to transfer Policy 7744 was facilitated by MR. HAMZEY.

36. Plaintiff alleges on information and belief that on or about February 15, 2008, Debtor transferred the beneficiary of Policy 7744 to the MANSOUR TRUST. Plaintiff is informed and believes that a true and correct copy of the February 15, 2008, correspondence from Valley Forge Life Insurance Company confirming this transfer is attached hereto as Exhibit "P."

37. Plaintiff is informed and believes that also on or about February 15, 2008, approximately one week before Debtor's death, and approximately five months after the Petition Date, Debtor transferred ownership of Policy 7744 from Debtor to the MANSOUR TRUST. Plaintiff is informed and believes that on February 15, 2008, MR. HAMZEY sent correspondence to Valley Forge Life Insurance Company, stating that, "Attached you will find a change of ownership," with a Request for Change of Ownership Form attached, a true and correct copy which is attached hereto as Exhibit "Q."

38. Plaintiff alleges on information and belief that on or about April 14, 2008, Valley Forge Life Insurance Company issued a check for the death benefit on the life of Debtor, dated April 14, 2008, from Valley Forge Insurance Company to the "MANSOUR TRUST- Sam Mansour and Eileen Green Trustees," in an amount of $2,008,712.13 (the "Check"). Plaintiff is informed and believes that a true and correct copy of the April 14, 2008 check is attached hereto as Exhibit "R."

39. Plaintiff alleges on information and belief that on or about April 15, 2008, the Check was deposited into the checking account of the SIVALELLI TRUST. Plaintiff is informed and believes that a true and correct copy of the Check deposit is attached hereto as Exhibit "S." MR. HAMZEY is a trustee of the SIVALELLI TRUST.

40. Plaintiff alleges on information and belief that some of the death benefit from Policy 7744 deposited in the SIVALELLI TRUST bank account was transferred out of this bank account by MR. HAMZEY or MRS. GREEN, or both of them, to pay for past due premiums owed on Transamerica Policy 4057.

41. Plaintiff alleges on information and belief that the remainder of approximately $1,700,000 to $1,800,000 from the death benefit from Policy 7744 was transferred from the SIVALELLI TRUST bank account to a bank account of OMEGA or BCAJ, or each of them, by MR. HAMZEY, MRS. GREEN, or each of them. Plaintiff is informed and believes that BCAJ, MR.

- 8 -         FIRST AMENDED COMPLAINT

HAMZEY, MRS. GREEN, or each of them, further transferred the funds for their own use, and also used the funds for purchases including, but not limited to, certain real estate and vehicles; gifts; and for the payment of personal debts and the debts of third parties. Plaintiff is informed and believes that MRS. GREEN, the GREEN TRUST, and each of them, further transferred some of the proceeds from the death benefit from Policy 7744 to purchase another Protective Life Insurance Policy with a death benefit in the amount of $1,000,000 on the life of MRS. GREEN ("Protective Life Policy No. 2").

42. Plaintiff alleges on information and belief that the transfers by Debtor, MRS. GREEN, or both of them, of Policy 3530, Policy 4528, and Policy 2225 (with a total death benefit of $9,000,000), and the subsequent transfers of the proceeds from the transfers of such Policies, were made with the intent to defraud creditors.

43. Plaintiff alleges on information and belief that, among other possible improper post-petition transfers of Debtor's property, the transfers of Policy 4057 and Policy 7744 (with a total of $4,000,000 in death benefits on the life of Debtor and MRS. GREEN) from Debtor, MRS. GREEN GREEN TRUST, or each of them, to the MANSOUR TRUST, OMEGA, the SIVALELLI TRUST, or each of them, and the subsequent transfers of the proceeds and death benefit from such Policies, constituted unauthorized post-petition transfers of property of the Estate.

44. Debtor failed to disclose, on his schedules and statement of financial affairs, the existence or transfers of the above described life insurance.

**FIRST CLAIM FOR RELIEF**

**(AVOIDANCE OF FRAUDULENT CONVEYANCE)**

**(As to Defendants MRS. GREEN, GREEN TRUST, US BANK, and COVENTRY)**

45. Plaintiff realleges and incorporates by reference in this claim for relief paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. The transfers of Policy 3530, Policy 4528, and Policy 2225, and any other property of the Debtor Plaintiff discovers in the course of discovery that was transferred (collectively, the "Pre-Petition Transfers"), in a total amount of $9,000,000 in death benefits on the life of Debtor, were transfers of an interest of the Debtor in property pursuant to 11 U.S.C. section 548.

47. The transfers were made on or within 2 years before the date of the filing of the Petition.

48. The Pre-Petition Transfers were made with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

49. In the alternative, the Debtor received less than a reasonably equivalent value in exchange for such transfers and, either (1) was insolvent on the date that such Pre-Petition Transfers were made or became insolvent as a result of such transfer or obligation; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; (3) intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured; or (4) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

50. In the alternative, the Pre-Petition Transfers were (1) made to a self-settled trust or similar device; (2) such transfers were by the Debtor; (3) the Debtor is a beneficiary of such trust or similar device; and (4) the Debtor made such transfers with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that such transfers were made, indebted.

51. Plaintiff may avoid the Pre-Petition Transfers and may recover, for the benefit of the Estate, the property transferred, or, if the Court so orders, the value of such property, from (1) the initial and/or subsequent transferees of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

///
///
///
///
///

**SECOND CLAIM FOR RELIEF**

**(11 U.S.C. SECTION 549 - AVOIDANCE OF POST-PETITION TRANSFER)**

**(As to Defendants MRS. GREEN, the MANSOUR TRUST,**

**BCAJ, and the SIVALELLI TRUST)**

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. The above-described transfers of Policy 4057 and Policy 7744 (the "Post-Petition Transfers"), and the transfers of the transfer proceeds derived therefrom, and the further transfer of the death befits related thereto, are avoidable by Plaintiff because the property transferred is property of the Estate and because the transfers (a) occurred after the commencement of the case; and (b) were not authorized under Title 11 or by this Court.

54. Pursuant to 11 U.S.C. section 550, Plaintiff may recover for the benefit of the estate the property transferred or, if the Court so orders, the value of such property from (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.

**THIRD CLAIM FOR RELIEF**

**(11 U.S.C. SECTION 542 - TURNOVER OF PROPERTY OF THE ESTATE )**

**(As to all Defendants)**

55. Plaintiff realleges and incorporates by reference in this claim for relief paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56. Plaintiff is informed and believes and thereon alleges that Defendants US BANK, COVENTRY FIRST, and each of them, were in possession or currently are in possession, custody, or control of the death benefits of $2,000,000 from Policy 3530, $4,000,000 from Policy 4528, and $3,000,000 from Policy 2225, in the total amount of $9,000,000.

57. Plaintiff is informed and believes that Defendants OMEGA, MANSOUR TRUST, and MRS. GREEN, MANSOUR AND SIVALELLI JT TRUST, BCAJ, EILEEN GREEN INSURANCE TRUST, and each of them, are in possession, custody, or control of death benefits in the approximate amount of $2,000,000 from Policy 7744, or the assets or proceeds from the

- 11 -    FIRST AMENDED COMPLAINT

further transfer thereof. Plaintiff is informed and believes and thereon alleges that a portion of the death benefits from Policy 7744 were deposited in the SIVALELLI TRUST bank account and thereafter transferred to OMEGA, BCAJ, and MRS. GREEN, and each of them. Plaintiff is informed and believes that the funds were then further transferred, and also used to purchase certain assets including, but not limited to, the real property located at 4053 Avenida Brisa, Rancho Santa Fe, California, and real property located in Phoenix, Arizona. Plaintiff is entitled to recover such assets or the value thereof. Plaintiff is informed and believes that MRS. GREEN, the GREEN TRUST, and each of them, further transferred some of the proceeds from the death benefit from Policy 7744 to purchase Protective Life Policy No. 2. Plaintiff is entitled to turnover of Protective Life Policy No. 2 for the benefit of the Estate. Plaintiff is informed and believes that Defendants OMEGA, MANSOUR TRUST, MRS. GREEN, the GREEN TRUST, and each of them, are currently in possession of Policy 4057. Plaintiff is entitled to turnover of Policy 4057 for the benefit of the Estate.

58. The Policies, the death benefits, the proceeds and assets acquired from the sale or transfer of the Policies, is property of the Estate. The Trustee is entitled to an order requiring Defendants to turnover such money, assets, or the value thereof, to the bankruptcy Estate.

**FOURTH CLAIM FOR RELIEF**

**(ACCOUNTING)**

**(As to all Defendants)**

59. Plaintiff realleges and incorporates by reference in this claim for relief paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60. An accounting is necessary to, among other things, identify and track the actual consideration paid for the Policies, and the status of such consideration. An accounting is also necessary to determine the nature and extent of any other improper post-petition transfers of property of the Estate, any improper pre-petition transfers of Debtor's property, and to determine the nature and extent of any undisclosed funds or assets of the Estate. An accounting is necessary to determine the further transfer of death benefit proceeds and consideration received from the sale of insurance policies.

- 12 -    FIRST AMENDED COMPLAINT

61. Prior to the commencement of this action, Plaintiff sought such an accounting, but has been unable to obtain it.

## FIFTH CLAIM FOR RELIEF

## (DECLARATORY RELIEF)

## (As to all Defendants)

62. Plaintiff realleges and incorporates by reference in this claim for relief paragraphs 1 through 62 of this Complaint as though fully set forth herein.

63. Plaintiff is informed and believes that an actual controversy exists as to the determination of the Estate's interest in the above-alleged property.

64. Plaintiff is entitled to a judicial determination declaring the Estate's interest in the property alleged herein, and in any other property discovered during the course of discovery. Plaintiff is entitled to a judicial determination declaring that all past and future revenues derived from the transfer of the Policies described herein, and the payment of any death benefits, is property of the Estate. Plaintiff is entitled to a judicial determination declaring that the Estate be declared the non-revocable beneficiary of any life insurance policy in which the Estate has an interest.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## FIRST CLAIM FOR RELIEF

1. That the Pre-Petition transfers alleged herein be avoided as a fraudulent conveyances.
2. That an order be issued requiring return of the property to Plaintiff, and alternatively, that Plaintiff be awarded the value, according to proof at trial, of the property transferred, from a) the first transferee of the property or the person for whose benefit the transfer was made; or b) from any subsequent transferee.
3. For such other relief as the Court deems necessary and proper.
4. If appropriate, interest, attorney's fees and costs to Plaintiff.

## SECOND CLAIM FOR RELIEF

1. That an order issue avoiding the above-described Post-Petition transfers, requiring the property transferred, or the value thereof, be returned to Plaintiff, by any transferee or subsequent transferee of the property.

- 13 -                    FIRST AMENDED COMPLAINT

1    2.    For such other relief as the Court deems necessary and proper.

2    3.    If appropriate, interest, attorney's fees and costs to Plaintiff.

### THIRD CLAIM FOR RELIEF

1.    For turnover to the estate of the Policies and the death benefits paid to Defendants and proceeds from the sale of the Policy 4057 and of the assets acquired from the death benefits of Policy 7744 including, but not limited to, the real property located at 4053 Avenida Brisa, Rancho Santa Fe, California, and the real property located in Phoenix, Arizona.

2.    For such other relief as the Court deems necessary and proper.

3.    If appropriate, interest, attorney's fees and costs to Plaintiff.

### FOURTH CLAIM FOR RELIEF

1.    For an order requiring that Defendants provide an accounting statement to Plaintiff a) describing and tracking all funds exchanged in connection with the sale of the Policies; b) describing the nature and extent of all money and property paid or received related to any other post-petition transfers of property of the Estate, or any improper pre-petition transfers of Debtor's property; c) describing possible other non-disclosed funds or assets of Debtor which may be property of the Estate; d) describing any further transfers of death benefit proceeds or consideration received from the sale of insurance policies, and the assets purchased therewith.

2.    For an order requiring Defendants to pay Plaintiff any sum found to be due from Defendant to Plaintiff based on such an accounting.

3.    For such other relief as the Court deems necessary and proper.

4.    If appropriate, interest, attorney's fees and costs to Plaintiff.

### FIFTH CLAIM FOR RELIEF

1.    For a judicial determination declaring the Estate's interest in the property alleged herein, and in any other property discovered during the course of discovery.

2.    For a judicial determination declaring that all future revenues derived from the transfer of the Policies and the payment of any death benefits, is property of the Estate.

3.    For a judicial determination declaring that the Estate be substituted as the beneficiary of any life insurance policy in which the Estate has an interest.

4.    For such other relief as the Court deems necessary and proper.

5    If appropriate, interest, attorney's fees and costs to Plaintiff.

Dated: January 28, 2011        FINANCIAL LAW GROUP

By: /s/ Sean C. Coughlin
    Sean C. Coughlin, Esq., Attorneys for
    Leslie T. Gladstone, Chapter 7 Trustee