MICHAEL D. BRESLAUER [SBN 110259]
mbreslauer@swsslaw.com
MICHAEL J. MASON [222602]
mmason@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Coventry First, LLC, U.S. Bancorp
and U.S. Bank National Association

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>DAVID M. GREEN,<br><br>Debtor. | CASE NO. 07-05038-M7<br><br>Adv No. 09-90400-M7<br><br>**ANSWER TO FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE OF FRAUDULENT CONVEYANCES; (2) AVOIDANCE OF POST-PETITION TRANSFERS; (3) TURNOVER PROPERTY OF THE BANKRUPTCY ESTATE; (4) ACCOUNTING; AND (5) DECLARATORY RELIEF** |
| LESLIE T. GLADSTONE, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>OMEGA LIFE FUND, LLC, a California limited liability company; SAM MANSOUR INSURANCE TRUST DATED MAY 12, 2005; EILEEN GREEN, an individual; EILEEN GREEN INVESTMENT TRUST; MANSOUR AND SIVALELLI JT TRUST; BCAJ INVESTMENTS WEST, INC., a California corporation; U.S. BANCORP, a Delaware corporation; U.S. BANK NATIONAL ASSOCIATION, banking susidiary; and COVENTRY FIRST, LLC, a Delaware limited liability company,<br><br>Defendants. | Date:  n/a<br>Time:  n/a<br>Dept.:  Five (5)<br><br>Honorable James W. Meyers |

P:00610475.4:60462.002

COMES NOW Defendants COVENTRY FIRST LLC ("Coventry") U.S. BANCORP ("BANCORP") and U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank", and at various times herein, collectively with Bancorp and Coventry, "Defendants"), severing themselves from all other defendants, and answer Plaintiff LESLIE T. GLADSTONE, CHAPTER 7 TRUSTEE'S ("Plaintiff") First Amended Complaint for (1) Avoidance of Fraudulent Conveyances; (2) Avoidance of Post-Petition Transfers; (3) Turnover Property of the Bankruptcy Estate; (4) Accounting; and (5) Declaratory Relief (the "Complaint") as follows:

1.   Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 1 and, on that basis, they deny each and every allegation contained in Paragraph 1.  Notwithstanding the foregoing, Defendants admit that Exhibit A appears to be a true and correct copy of the Debtor's Death Certificate.

2.   Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 2 and, on that basis, they deny each and every allegation contained in Paragraph 2.

3.   Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 3 and, on that basis, they deny each and every allegation contained in Paragraph 3.

4.   Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 4 and, on that basis, they deny each and every allegation contained in Paragraph 4.

5.   Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 5 and, on that basis, they deny each and every allegation contained in Paragraph 5.

6.   Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 6 and, on that basis, they deny each and every allegation contained in Paragraph 6.

7.   Defendants admit the allegations contained in paragraph 7.

8.   Defendants admit the allegations contained in Paragraph 8, except that US

1 | Bank's principal place of business is Minneapolis, Minnesota.

2 |     9.    Defendants admit the allegations of Paragraph 9.

3 |     10.    Defendants deny the allegations of Paragraph 10, except that Defendants
4 | admit that venue is appropriate in this judicial district .

5 |     11.    Defendants are without sufficient information to enable them to admit or deny
6 | the allegations contained in Paragraph 11 and, on that basis, they deny each and every
7 | allegation contained in Paragraph 11, except that Defendants acknowledge that Exhibit F is a
8 | true and correct copy of the Policy Data page for Policy 4528.

9 |     12.    Defendants are without sufficient information to enable them to admit or deny
10 | the allegations contained in Paragraph 12 and, on that basis, they deny each and every
11 | allegation contained in Paragraph 12.

12 |     13.    Defendants deny each and every allegation contained in Paragraph 13.

13 |     14.    Defendants admit that on or about August 9, 2007, for valid and sufficient
14 | consideration, MRS. GREEN assigned to U.S. Bank the ownership of Policy 3530, as defined
15 | in the complaint. Defendants acknowledge that Exhibit D is a true correct copy of the
16 | "Assignment to Transfer Ownership for Life insurance Policies" for Policy 3530, as defined
17 | in the Complaint. Defendants admit that the combined total consideration paid for the
18 | purchase of both Policy 3530 and Policy 4528 was $193,000.

19 |     15.    Defendants deny each and every allegation contained in Paragraph 15.

20 |     16.    Defendants are without sufficient information to enable them to admit or deny
21 | the allegations contained in Paragraph 16 and, on that basis, they deny each and every
22 | allegation contained in Paragraph 16.

23 |     17.    Defendants are without sufficient information to enable them to admit or deny
24 | the allegations contained in Paragraph 17 and, on that basis, they deny each and every
25 | allegation contained in Paragraph 17, except that Defendants acknowledge that Exhibit F is a
26 | true and correct copy of the Policy Data page for Policy 4528.

27 |     18.    Defendants are without sufficient information to enable them to admit or deny
28 | any other allegation contained in Paragraph 18 and, on that basis, they deny each and every

allegation contained in Paragraph 18.

19. Defendants deny each and every allegation contained in paragraph 19.

20. Defendants admit that on or about August 9, 2007, for valid and sufficient consideration, MRS. GREEN assigned to US Bank the ownership of Policy 4528, as defined in the complaint. Defendants acknowledge that Exhibit D is a true correct copy of the "Assignment to Transfer Ownership for Life insurance Policies" for Policy 4528, as defined in the Complaint, and that the total combined consideration paid for the purchase of both Policy 4528 and Policy 3530 was $193,000. Defendants are without sufficient information to enable them to admit or deny the remaining allegations contained in Paragraph 20 and, on that basis, they deny each and every other allegation contained in Paragraph 20.

21. Defendants deny each and every allegation of paragraph 21.

22. Defendants admit that US Bank received the death benefit under Policy 4528 as securities intermediary. Defendants are without sufficient information to enable them to admit or deny any other allegations contained in Paragraph 22 and, on that basis, they deny each and every other allegation contained in Paragraph 22.

23. Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 23 and, on that basis, they deny each and every allegation contained in Paragraph 23.

24. Defendants acknowledge that Exhibit J is a true and correct copy of correspondence from Coventry to Rob Hayne dated August 3, 2007. Defendants (i) deny that Life Insurance Settlements, Inc. was Defendants' agent as alleged in the complaint; (ii) admit that an offer of $395,000 was made by Defendants for Policy 2225; and (iii) admit that the offer included an offer to reimburse premiums in the sum $38,761.86. Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 24 and, on that basis, they deny each and every allegation contained in Paragraph 24.

25. Defendants acknowledge Exhibit K is a true and correct copy of the Life Insurance Policy Purchase Agreement dated September 6, 2007 by and between Coventry

First LLC and Eileen Green, and that the purchase price paid for Policy 2225 was $314,776. Defendants are without sufficient information to enable them to admit or deny the other allegations contained in Paragraph 25 and, on that basis, they deny each and every other allegation contained in Paragraph 25.

26. Defendants deny each and every allegation contained in paragraph 26.

27. Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 27 and, on that basis, they deny each and every allegation contained in Paragraph 27.

28. Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 28 and, on that basis, they deny each and every allegation contained in Paragraph 28.

29. Defendant is without sufficient information to enable it to admit or deny the allegations contained in Paragraph 29 and, on that basis, denies each and every allegation contained in Paragraph 29.

30. Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 30 and, on that basis, they deny each and every allegation contained in Paragraph 30.

31. Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 31 and, on that basis, they deny each and every allegation contained in Paragraph 31.

32. Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 32 and, on that basis, they deny each and every allegation contained in Paragraph 32.

33. Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 33 and, on that basis, they deny each and every allegation contained in Paragraph 33.

34. Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 34 and, on that basis, they deny each and every

1 | allegation contained in Paragraph 34.

2 |     35.    Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 35 and, on that basis, they deny each and every allegation contained in Paragraph 35.

    36.    Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 36 and, on that basis, they deny each and every allegation contained in Paragraph 36.

    37.    Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 37 and, on that basis, they deny each and every allegation contained in Paragraph 37.

    38.    Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 38 and, on that basis, they deny each and every allegation contained in Paragraph 38.

    39.    Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 39 and, on that basis, they deny each and every allegation contained in Paragraph 39.

    40.    Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 40 and, on that basis, they deny each and every allegation contained in Paragraph 40.

    41.    Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 41 and, on that basis, they deny each and every allegation contained in Paragraph 41.

    42.    Defendants deny each and every allegation of paragraph 42.

    43.    Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 43 and, on that basis, they deny each and every allegation contained in Paragraph 43.

    44.    Defendants are without sufficient information to enable them to admit or deny the allegations contained in Paragraph 44 and, on that basis, they deny each and every

1 | allegation contained in Paragraph 44.

2 |     45.    Defendants incorporate by this reference each of their responses to paragraphs
3 | 1 through 44 as though fully set forth here.

4 |     46.    Defendants deny each and every allegation contained in paragraph 46.

5 |     47.    Paragraph 47 is vague and ambiguous because the word "transfers" is not
6 | defined. Accordingly, Defendants are without sufficient information to enable them to admit
7 | or deny the allegations contained in Paragraph 47 and, on that basis, they deny each and
8 | every allegation contained in Paragraph 47.

9 |     48.    Defendants deny each and every allegation contained in paragraph 48.

10 |     49.    Defendants are without sufficient information to enable them to admit or deny
11 | the allegations contained in Paragraph 49 and, on that basis, they deny each and every
12 | allegation contained in Paragraph 49.

13 |     50.    Defendants are without sufficient information to enable it to admit or deny the
14 | allegations contained in Paragraph 50 and, on that basis, they deny each and every
15 | allegation contained in Paragraph 50.

16 |     51.    Defendants deny each and every allegation contained in paragraph 51.

17 |     52.    Defendants incorporate by this reference each of their responses to paragraphs
18 | 1 through 52 as though fully set forth here.

19 |     53.    Defendants are without sufficient information to enable it to admit or deny the
20 | allegations contained in Paragraph 53 and, on that basis, they deny each and every
21 | allegation contained in Paragraph 53.

22 |     54.    Defendants are without sufficient information to enable them to admit or deny
23 | the allegations contained in Paragraph 54 and, on that basis, they deny each and every
24 | allegation contained in Paragraph 54.

25 |     55.    Defendants incorporate by this reference each of their responses to paragraphs
26 | 1 through 54 as though fully set forth here.

27 |     56.    Defendants deny each and every allegation of paragraph 56.

28 |     57.    Defendants are without sufficient information to enable them to admit or deny

1  the allegations contained in Paragraph 57 and, on that basis, they deny each and every allegation contained in Paragraph 57.

58. Defendants deny each and every allegation contained in paragraph 58.

59. Defendants incorporate by this reference each of their responses to paragraphs 1 through 58 as though fully set forth here.

60. Defendants deny each and every allegation contained in paragraph 60.

61. Defendants deny each and every allegation contained in paragraph 61..

62. Defendants incorporate by this reference each of their responses to paragraphs 1 through 62 as though fully set forth here.

63. Defendants admit the allegations of paragraph 63.

64. Defendants deny each and every allegation contained in paragraph 64.

### FIRST AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses in the event discovery of further analysis indicates that additional unknown or unstated affirmative defenses would be applicable.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to assert the purported causes of action stated in the Complaint against the Defendants.

### THIRD AFFIRMATIVE DEFENSE

The purported claims stated in the Complaint against the Defendants fail to state any causes of action for which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The purported causes of action stated in the Complaint against all defendants named in the First Amended Complaint are barred by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The purported causes of action stated in the Complaint against the Defendants are barred by laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has engaged in conduct and activities by reason of which Plaintiff is estopped to assert any claim or cause of action against the Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has engaged in conduct and activities sufficient to constitute a waiver and release of any claim or causes of action which she may otherwise have against Defendants.

### PRAYER FOR RELIEF

WHEREFORE, the Defendant prays as follows:

A.   That the Plaintiff take nothing by way of this suit;

B.   That Defendant be awarded their attorney's fees and costs of suit herein; and

C.   For such other and further relief as the court deems just and proper.

DATED: April 1, 2011                Respectfully submitted,

SOLOMON WARD SEIDENWURM & SMITH, LLP


By:   /s/ Michael D. Breslauer
MICHAEL D. BRESLAUER
MICHAEL J. MASON
Attorneys for Coventry First LLC, U.S. Bancorp and U.S. Bank

# PROOF OF SERVICE

I, Wendy A. Yones, declare as follows:

I am employed in the County of San Diego, State of California; I am over the age of eighteen years and am not a party to this action; my business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, CA 92101, in said County and State. On **April 1, 2011**, I served the following document(s):

**ANSWER TO FIRST AMENDED COMPLAINT FOR (1) AVOIDANCE OF FRAUDULENT CONVEYANCES; (2) AVOIDANCE OF POST-PETITION TRANSFERS; (3) TURNOVER PROPERTY OF THE BANKRUPTCY ESTATE; (4) ACCOUNTING; AND (5) DECLARATORY RELIEF**

on each of the interested parties stated on the attached service list.

**I.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 1, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated below:

| Sean C. Coughlin, Esq. | scc@coughlin-law.com |
|---|---|
| John L. Smaha, Esq.<br>John Paul Teague, Esq. | jsmaha@smaha.com; gbravo@smaha.com;<br>mjohnson@smaha.com; jteague@smaha.com |

☐    Service information continued on attached page

**II.    SERVED BY U.S. MAIL OR OVERNIGHT MAIL:** On **April 1, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows.

☒    Service information continued on attached page

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR E-MAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 1, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or e-mail as follows.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  April 1, 2011                               By: /s/ Wendy A. Yones
                                                                    WENDY A. YONES

P:00610475.4:60462.002                          -10-

<b>PROOF OF SERVICE LIST</b>

**VIA NEF & U.S. MAIL**
Sean C. Coughlin, Esq.
Financial Law Group
401 Via Del Norte
La Jolla, CA 92037
*Attorneys for Leslie T. Gladstone,*
*Chapter 7 Trustee*

**VIA NEF & U.S. MAIL**
John L. Smaha, Esq.
John Paul Teague, Esq.
Smaha Law Group, APC
7860 Mission Center Court, Suite 100
San Diego, CA 92108
*Attorneys for Omega Life Fund, LLC and S. Mansour Insurance Trust dated May 12, 2005*

**VIA NEF & U.S. MAIL**
Sean C. Coughlin, Esq.
12780 High Bluff Drive, Suite 270
San Diego, CA 92130
*Attorneys for Leslie T. Gladstone,*
*Chapter 7 Trustee*

**VIA U.S. MAIL**
Eileen Green Investment Trust
c/o Eileen Green
P.O. Box 9770
Rancho Santa Fe, CA 92067-4770

**VIA U.S. MAIL**
Robert W. Buckley, Esq.
7825 Fay Avenue, Suite 200
La Jolla, CA 92037
*Attorneys for Eileen Green*

**VIA U.S. MAIL**
Eileen Green Investment Trust
c/o Eileen Green
86C Calle Aradon
Laguna Woods, CA 92637

**VIA U.S. MAIL**
Mansour & Sivalelli JT Trust
P.O. Box 9342
Rancho Santa Fe, CA 92067-4342

**VIA U.S. MAIL**
BCAJ Investments West, Inc.
c/o Robert Hamzey
1967 N. Coast Highway 101
Encinitas, CA 92024

P:00610475.4:60462.002

-11-